**Florence McDonnell, Plaintiff-Appellant, v. James McDonnell, Defendant-Appellee.**

**Gen. No. 52,299.**

First District, First Division.

June 10, 1968.

William D. Larkin, of Chicago, for appellant.

No brief filed for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Plaintiff filed an action for divorce on grounds of habitual drunkenness for a period in excess of two years. The return on the summons executed by the Sheriff of Cook County shows that the summons and a copy of the complaint was served on the defendant personally. When the defendant failed to appear, an order of default was entered and a divorce decree was entered in favor of plaintiff.

More than two months after the entry of the decree, defendant filed a petition under section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72) praying

that the default divorce decree be vacated because of improper service of summons. Plaintiff filed a motion to strike the section 72 petition, but the motion was denied. The court held a hearing and vacated the divorce decree. Plaintiff filed a proper notice of appeal pursuant to subsection 6 of section 72.

Plaintiff filed her brief and abstract and has complied with all the statutory requirements and rules of this court for prosecuting an appeal. The defendant filed an appearance in this court on August 28, 1967, but since that time has failed to file a brief or otherwise comply with the rules of this court. It is therefore unnecessary for us to discuss the case in full and we reverse the order of the Circuit Court of Cook County vacating the divorce decree and remand this cause with directions to deny defendant's petition for relief under section 72. Parkside Realty Co. v. License Appeal Commission, 87 Ill App2d 374, 231 NE2d 654 (1967); Beinarauskas v. Beinarauskas, 90 Ill App2d 381, 234 NE2d 16 (1967); C.I.T. Corporation v. Blackwell, 281 Ill App 504 (1935).

Judgment reversed and cause remanded with directions.

BURMAN, P. J. and MURPHY, J., concur.